IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AUSTIN MOTT, JR., #1119500, | § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 6:19-CV-027-JDK-JDL |
| FREDERIC M EDWARDS, *et al.*, | § § § | |
| Defendants. | § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On June 14, 2019, the Magistrate Judge issued a Report and Recommendation (Docket No. 13), recommending that (1) Plaintiff's claim for money damages against the individual defendants in their official capacities be dismissed without prejudice for lack of subject matter jurisdiction, (2) Plaintiff's civil rights claims be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and (3) Plaintiff's claims regarding his disciplinary case be dismissed with prejudice to the claims being asserted again until the *Heck* conditions are met.[1] A return receipt indicating delivery to Plaintiff was received by the Clerk on June 24, 2019 (Docket No. 14).

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of service of the Report and Recommendation. 28 U.S.C.

---

[1] In its conclusion, the Report recommends that "Plaintiff's claim for money damages against the individual defendants in their official capacities be dismissed *with prejudice* pursuant to 28 U.S.C. § 1915A(b)(1)." Docket No. 13 at 11 (emphasis added). The Report's analysis of this claim, however, correctly "recommends any claim seeking money damages from Defendants in their official capacities should be dismissed *without prejudice* for lack of subject matter jurisdiction" because those claims are barred by sovereign immunity. *Id.* at 4 (emphasis added). Under *Warnock v. Pecos Cty., Tex.*, "[b]ecause sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and *not with prejudice*." 88 F.3d 341, 343 (5th Cir. 1996) (emphasis added).

§ 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).  Here, Plaintiff did not file objections in the prescribed period.  The Court therefore reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews his legal conclusions to determine whether they are contrary to law.  *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Having reviewed the Magistrate Judge's Report and Recommendations, the Court adopts the Report and Recommendation of the United States Magistrate Judge (Docket No. 13) as the findings of this Court.  Accordingly, it is hereby

**ORDERED** that the Magistrate Judge's Report (Docket No. 13) be **ADOPTED** and that Plaintiff's claim for money damages against the individual defendants in their official capacities be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction; Plaintiff's civil rights claims be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1); and Plaintiff's claims regarding his disciplinary case be **DISMISSED WITH PREJUDICE** to the claims being asserted again until the *Heck* conditions are met.  All pending motions are **DENIED** as **MOOT**.

So **ORDERED** and **SIGNED** this **17th** day of **July, 2019.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE